IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEBORAH TUCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 3:19-cv-00637 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **RYAN D. MCCARTHY**, *Acting Secretary* ) | MAGISTRATE JUDGE |
| *of the Department of the Army, U.S. Army* ) | FRENSLEY |
| *Corps. Of Engineers*, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 42). Plaintiff filed a response in opposition (Doc. No. 51), and Defendant filed a reply (Doc. No. 56). For the reasons discussed below, Defendant's motion will be **DENIED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

From 1995 until her retirement in September 2019, Plaintiff was employed by the Department of the Army, U.S. Army Corps of Engineers as a Regulatory Specialist GS-0401-11 with the Regulatory Branch located in Nashville, Tennessee. (Doc. No. 1 ¶¶ 1, 4; Doc. No. 50 ¶¶ 2-3). In 2013, Plaintiff applied for the position of GS-12 Regulatory Interdisciplinary Project Manager and was selected for an interview but was not selected for any of the four open positions. (Doc. No. 53 ¶¶ 100-102). Male employees who were younger than Plaintiff and one female employee who was older than Plaintiff were selected for the open positions. (*Id*. at ¶ 103).

On July 25, 2019, Plaintiff filed the present suit against Defendant, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) *et seq*., and age discrimination in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 633a(a). (*See* Doc. No. 1). On May 14, 2021, Defendant moved for summary judgment on all claims. (Doc. No. 42).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015).  The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## III.     ANALYSIS

Title VII prohibits employers from discriminating against individuals on the basis of sex. 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of discrimination under Title VII, a

plaintiff must show that: (1) they are a member of a protected group; (2) they were subjected to an adverse employment decision; (3) they were qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *See Smith v. City of Toledo, Ohio*, 13 F.4th 508, 515 (6th Cir. 2021). The plaintiff's burden to establish a *prima facie* case is light and easily met. *See Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 808 (6th Cir. 2020). Once the plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for their decision. *Smith*, 13 F.4th at 515. The burden then shifts back to Plaintiff to show that the reason the employer gave "was not its true reason, but merely a pretext for discrimination." *Id*.

The ADEA prohibits age discrimination against federal government employees who are at least 40 years old. 29 U.S.C. § 633a. "Generally, discrimination claims brought under Title VII and the ADEA are analyzed under the same framework." *Deleon v. Kalamazoo Cty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014). To establish a *prima facie* case of age discrimination in violation of the ADEA, under the *McDonnell Douglas* framework, the employee must show that: (1) she was a member of the protected class, that is, older than 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position held; and (4) she was replaced by someone outside of the protected class or similarly situated non-protected employees were treated more favorably. *See Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 326 (6th Cir. 2021). "[U]nder § 633a(a), age must be the but-for cause of differential treatment, not ... a but-for cause of the ultimate decision." *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020).

1. Prima Facie

Defendant argues Plaintiff cannot establish a *prima facie* case for either of her claims because a woman over the age of 40 was selected for one of the four positions advertised. (Doc.

3

No. 47 at 20, 24-25; Doc. No. 56 at 4). Plaintiff asserts that she can satisfy this element by showing that the persons actually selected or promoted were outside the Plaintiff's group, and points to evidence that three younger male employees with less experience were selected over Plaintiff for the position. (Doc. No. 51 at 9, 20 (citing Doc. No. 49-6 ¶¶ 1-9)). The Court finds that Plaintiff has presented sufficient evidence to establish *prima facie* cases for discrimination under Title VII and the ADEA.

2. Pretext

Defendant claims that Plaintiff was not selected for the position because the selectees were more qualified and performed better in the interview than Plaintiff. (Doc. No. 47 at 25; Doc. No. 56 at 5). Because Defendant put forth a legitimate, nondiscriminatory explanation, the burden shifts back to Plaintiff to identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext.

To show pretext, Plaintiff points to evidence that the chair of the interview and selection panel, Tammie Turley, repeatedly favored younger males over older females. (Doc. No. 51 at 11 (citing Doc. No. 49-4 at PageID # 1425-27; Doc. No. 49-2; Doc. No. 49-5 at 1442-43)). Plaintiff also points to evidence that Tammie Turley refused to provide Plaintiff with training and temporary leadership opportunities. (*Id*. (citing Doc. No. 49-1 at PageID # 1376-1383)). Plaintiff notes that Tammie Turley selected the panel members and controlled the method of selection, and points to evidence that the final rankings of the selection panel matched Tammy Turley's notes exactly and that Turley's numeric scores for all 14 interviewees also matched with the panel ranking. (*Id*. at 11-12 (citing Doc. No. 49-7; Doc. No. 49-3 at PageID # 1414-21)). Additionally, Plaintiff contends that Tammie Turley's deposition testimony that every panel member ranked the top six candidates in the exact same way, (Doc. No. 49-3 at PageID # 1421), is at odds with

4

interview records indicating that the panel members had different opinions initially about the candidates. (*Id*. at 12 (citing Doc. No. 49-5 at PageID # 1444-46)).

Viewing the evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that a reasonable jury could determine that Defendant's proffered reason was pretext for discrimination. Accordingly, Defendant's motion for summary judgment will be denied.

An appropriate order will enter.

                                                                                         _____
                                                                                         WILLIAM L. CAMPBELL, JR.
                                                                                         UNITED STATES DISTRICT JUDGE